Affirmed and Memorandum Opinion filed January 27, 2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00813-CR



 

Bonifacio Cerda, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 1197846



 

MEMORANDUM  OPINION

 

Appellant Bonifacio Cerda was convicted of murder,
and the jury assessed an enhanced punishment of incarceration for 60 years in
light of two prior felony convictions.  See Tex. Penal Code Ann. §§
12.42(d), 19.02 (Vernon 2003).  We affirm.

BACKGROUND

Appellant and his girlfriend, Noemi Ortiz, walked
into Noemi’s apartment at night to find Noemi’s daughter Cristina having sex
with the complainant in a bedroom.  The complainant rushed to get dressed while
Cristina remained in the bedroom crying.  Appellant armed himself with a knife,
confronted the complainant inside the apartment, struggled with the complainant
as he attempted to exit the apartment, and stabbed the complainant once in the
back.  The complainant fled the apartment and later died at the hospital.  

A jury convicted appellant of murder and sentenced him
to incarceration for 60 years in light of two prior felony convictions.  See
Tex. Penal Code Ann. §§ 12.42(d), 19.02.  The trial court signed a judgment in
conformity with the jury’s verdict.  

Appellant filed a motion for new trial, in which he
claimed that his trial counsel was ineffective because appellant made a
“request for a private investigator to interview his witnesses, and the request
wasn’t granted.”  Appellant did not proffer and the record does not contain any
evidence regarding trial counsel’s decisions or strategy.  The trial court
overruled appellant’s motion for new trial by operation of law.  

In two issues, appellant claims for the first time on
appeal that trial counsel was ineffective because he did not request a jury
instruction on the two lesser-included offenses of criminally negligent
homicide and aggravated assault.  See Tex. Penal Code Ann. §§ 19.05,
22.02 (Vernon 2003).  

ANALYSIS

An ineffective assistance of counsel issue may be
raised for the first time on appeal, although the record on such a direct
appeal often will not be sufficient to show that counsel was ineffective.  Cannon
v. State, 252 S.W.3d 342, 347 n.6, 350 (Tex. Crim. App. 2008).  In
determining whether his trial counsel’s representation was so ineffective that
it violated appellant’s Sixth Amendment right to counsel, we use the two-prong
test laid out in Strickland v. Washington, 466 U.S. 668 (1984).  See Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing Strickland,
466 U.S. at 668).  To establish ineffective assistance of counsel, a defendant
must show that (1) his counsel’s performance fell below an objective standard
of reasonableness; and (2) but for counsel’s unprofessional errors, the result
of the proceeding would have been different.  Id.  

We assess whether a defendant received ineffective
assistance of counsel according to the facts of each case.  Id. at 813. 
Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Id. 
Appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective.  Id.  We look to the totality of the representation
and particular circumstances of each case in evaluating the effectiveness of
counsel.  Id.  We must be “highly deferential to trial counsel and avoid
the deleterious effects of hindsight.”  Lane v. State, 257 S.W.3d 22, 26
(Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  Trial counsel is
strongly presumed to have acted within the wide range of reasonable
professional assistance.  Perez v. State, 310 S.W.3d 890, 893 (Tex.
Crim. App. 2010).

To establish that trial counsel’s performance was deficient
with respect to the jury instructions, appellant must show that he was entitled
to an instruction on one of the lesser-included offenses.  See Fuentes v.
State, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999).  To establish that
appellant was entitled to such an instruction, he must show that (1) either aggravated
assault or criminally negligent homicide is a lesser-included offense of
murder; and (2) the jury heard evidence that if appellant was guilty of an
offense, appellant was guilty of only the lesser-included offense.  Id.

Assuming without deciding that appellant was entitled
to an instruction on any lesser-included offenses of criminally negligent
homicide and aggravated assault, we conclude that the record does not support
appellant’s contention that trial counsel’s performance fell below an objective
standard of reasonableness.  Failure to request an instruction on a
lesser-included offense may be a reasonable trial strategy.  See, e.g., Ex
parte White, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004) (appellant’s decision
to adopt all-or-nothing trial strategy in failing to request jury instruction
on lesser-included offenses of manslaughter and negligent homicide in murder
case not unreasonable).  

Appellant’s defense at trial was that he acted in self-defense
or in defense of Cristina and Noemi.  Trial counsel’s closing argument
highlighted evidence showing that 
(1) Cristina failed to answer several phone calls before appellant and Noemi
arrived at the apartment; (2) appellant and Noemi were surprised to find the
complainant in the apartment with Cristina; (3) the encounter occurred at night;
(4) appellant had never met the complainant before; (5) the complainant was
rushing to exit the apartment after being discovered; and (6) Cristina remained
in the bedroom crying during appellant’s altercation with the complainant.  The
jury was given an instruction on self-defense and defense of a third person.  

The absence of an instruction on lesser-included
offenses compelled a choice between finding appellant guilty of murder and acquitting
by reason of self-defense, defense of a third person, or because appellant did
not intentionally kill the complainant.  Such an all-or-nothing strategy is not
unreasonable.  See Ex parte White, 160 S.W.3d at 55; Shanklin v. State,
190 S.W.3d 154, 160–161 (Tex. App.—Houston [1st Dist.] 2005, pet. dism’d)
(trial counsel does not act deficiently for failing to request instruction on
lesser-included offense of manslaughter if pursuing an all-or-nothing strategy
in murder case where evidence raises issues of self-defense and defense of a
third person).

Without any evidence in the record regarding trial
counsel’s reasons for not requesting an instruction on the lesser-included
offenses, we cannot hold that appellant has overcome the strong presumption
that trial counsel’s actions fell within the wide range of professional
assistance.  See Perez, 310 S.W.3d at 893.  

CONCLUSION

Having overruled appellant’s issues on appeal, we
affirm the judgment of the trial court.








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).